**IN THE COURT OF APPEALS OF IOWA**

No. 4-069 / 13-2029
Filed February 19, 2014

**IN THE INTEREST OF K.G. AND K.G.,**
**Minor Children,**

**K.G., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Mahaska County, Randy S. DeGeest, District Associate Judge.

The mother appeals the juvenile court's termination of her parental rights to her children, K.G. and K.G. **AFFIRMED.**

Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Rose Anne Mefford, County Attorney, and Amy Zenor, Assistant County Attorney, for appellee State.

Amber Thompson, Sigourney, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

The mother appeals the juvenile court's termination of her parental rights to her children, K.G. and K.G., claiming the State did not prove by clear and convincing evidence termination was in the children's best interest. The mother further argues she should have been allowed additional time to prove she was committed to a drug-free lifestyle. Because we conclude the State proved by clear and convincing evidence termination was in the children's best interest and more time would not have corrected the mother's persistent drug use, we affirm.[1]

The children, born in 2003 and 2004, most recently came to the attention of the Department of Human Services (DHS) on March 8, 2012, when DHS received information the mother was using methamphetamine while caring for the children. The children were removed and placed with a relative. The mother was, at the same time, charged with distributing methamphetamine, having sold methamphetamine out of her home to a confidential informant. On April 12, 2012, the children were adjudicated children in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2011).

The following services were offered to the family during the pendency of the proceeding: family safety, risk, and permanency services; random drug testing; inpatient substance abuse treatment; DHS social work case management; family team decision making meetings; supervision by the Iowa Department of Corrections; family treatment court; narcotics anonymous and alcoholics anonymous meetings; and services for both children. The mother initially refused to comply with DHS's drug testing requirement, and the children

---

[1] The children's father is deceased.

remained out of her care. However, in accordance with her criminal case, the mother attended substance abuse treatment and successfully completed two treatment courses in the summer of 2012 and October 2012. According to a hair stat test on November 20, 2012, the mother tested negative for drug use and continued to show improvement during in-home visits. Consequently, the children were returned to her care on April 8, 2013.

A review hearing was set for September 13, 2013. However, a few days prior to the hearing, the DHS worker expressed concerns the mother was again using illegal substances. The children's guardian ad litem spoke with the mother's probation officer, and it was revealed the mother had tested positive for methamphetamine on September 3. The children were removed from the mother's care and placed in a foster home. A review hearing was held on September 13, and the State filed a petition to terminate the mother's parental rights on September 27. The mother refused to participate in either the family drug treatment court or the drug court offered through her probation in the fall of 2013.

The termination of parental rights hearing was held on November 15, 2013, while the mother was incarcerated pending the availability of a bed at a residential treatment facility. She chose not to appear in person, though she was represented by her attorney. The juvenile court heard testimony from the mother's probation officer as well as the DHS caseworker, and it was established the mother would, once a bed becomes available, remain in the Ottumwa Residential Facility for approximately four months. The probation officer also testified the mother has been using illegal substances for the last ten years and,

while she possesses the skills necessary to remain sober, refuses to use them. The juvenile court filed an order on December 10, 2013, terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) and (*l*).[2] The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the children's best interest. *Id.*

We agree with the juvenile court that termination is in the children's best interest. The mother has a long history of substance abuse and, despite many interventions and treatment opportunities over the years, refuses or is unable to maintain sobriety. As the juvenile court noted:

> Although the children and the mother maintain a close bond, the mother has used mind-altering illegal substances for at least ten years and, despite multiple inpatient and outpatient substance abuse treatment programs, [the mother] is unable to or refuses to stay clean and sober to provide a safe and caring home for her children.

Furthermore, the mother declines to attend programs that would help her stay sober, such as the family drug treatment court. In determining the future actions of the parent, her past conduct is instructive. *In re J.E.,* 723 N.W.2d 793, 798 (Iowa 2006). Here, it is clear the mother will continue to expose the children to a dangerous home environment while she uses illegal substances. It is therefore in the children's best interest to be removed from her care.

---

[2] The mother does not claim the State failed to prove these statutory grounds.

Additionally, more time would not correct the mother's inability to remain sober. According to her probation officer, the mother has used illegal substances for approximately ten years. Moreover, this is not the first time DHS has intervened—the children were also adjudicated CINA in December 2009 and were removed from the home from March 15, 2010, until November 19, 2010, with the case closing only one year prior to the present case. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). The mother has had ample time and opportunity to correct her behavior, but has failed to do so. "At some point, the rights and needs of the child rise above the rights and needs of the parents." *In re C.S.*, 776 N.W.2d 297, 299 (Iowa Ct. App. 2009). Consequently, the juvenile court properly terminated the mother's parental rights, and we affirm.

**AFFIRMED.**